[Civ. No. 3805. Second Appellate District, Division One.—April 26, 1922.]

## JOHN EMERY PROWD, Respondent, v. A. L. GORE et al., Appellants.

[1] PERSONAL RIGHTS—"CITIZEN" DEFINED—CONSTRUCTION OF CODE.— As employed in sections 51 and 52 of the Civil Code, the term "citizen" is not used in a restricted sense—that is, a citizen of the state or citizen of the United States—but in the broad and unrestricted sense, implying that one is a resident of the state and as such entitled to invoke the jurisdiction of its courts to protect a right guaranteed to all, without reference to race or color, who resides within its jurisdiction.

[2] ID. — DISCRIMINATION AGAINST NEGRO — ACTION FOR DAMAGES — RESIDENCE.—In an action brought under sections 51 and 52 of the Civil Code to recover damages for the refusal to give plaintiff, a member of the negro race, a seat in a particular part of a theater where his ticket entitled him to sit, proof that he was a resident of the state entitles plaintiff to maintain the action, and it is immaterial whether or not he was a citizen of the United States, with all the rights implied by such term.

[3] ID.—DISCRIMINATION BY THEATER MANAGER—LIABILITY OF OWNERS. The owners and proprietors of a theater are liable for the acts of their manager in discriminating against a member of the negro

---

2. Humiliation as element of damages for exclusion from place of amusement because of race or color, note, 14 L. R. A. (N. S.) 1242.

3. Right of negroes to admission to theaters and places of amusement, note, 9 Ann. Cas. 348.

race, even though they were not cognizant of such discrimination and had not given any instruction to their employees to exclude or discriminate against such patrons.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Schweitzer & Hutton for Appellants.

E. Burton Ceruti for Respondent.

SHAW, J.—Action to recover damages. It appears from the findings herein that defendants A. L. and M. Gore were, on March 7, 1921, the owners and proprietors of the Burbank Theater, in Los Angeles, of which defendant Wolfe, as their employee, was manager; that on said date plaintiff, who is a member of the negro race and who was at said time a citizen of the United States and a resident of California, over the age of twenty-one years, purchased a ticket which entitled him to a seat on the lower floor of said theater; that, although upon presentation of his ticket plaintiff was admitted to the theater, the defendants, their agents and employees, solely on account of his race and color and for no other reason, refused to give plaintiff a seat on the lower floor of the theater, to which, as the purchaser of said ticket, he was entitled; that by reason of such discrimination on account of his race and color he was humiliated and damaged in the sum of $100.55. Judgment followed in accordance with these findings, from which defendants have appealed.

The ground relied upon by appellants for a reversal of the judgment is the insufficiency of the evidence to justify the finding that plaintiff was a citizen of the United States and of the state of California, or that defendants Gore, by direction or otherwise, participated in the act of their employees in discriminating against plaintiff.

The action is based upon the provisions of sections 51 and 52 of the Civil Code, the first of which sections provides that "all citizens within the jurisdiction of this state are entitled to the full and equal . . . privileges of . . .

theaters . . . , subject only to the conditions and limita-
tions established by law and applicable alike to all citizens'';
and the second provides that ''whoever denies to any citizen,
except for reasons applicable alike to every race or color, the
full . . . advantages, facilities, and privileges enumerated
in section fifty-one of this code, . . . or whoever makes any
discrimination, distinction, or restriction on account of
color or race, or except for good cause, applicable alike to
citizens of every color or race whatsoever, in respect to
. . . his treatment in, any . . . theater, . . . for each and
every such offense is liable in damages in an amount not
less than one hundred dollars, which may be recovered
in an action at law brought for that purpose.'' The only
evidence touching the question of citizenship was that of
plaintiff to the effect that he was at the time in question
a resident of Los Angeles, living at 1382 East Fifteenth
Street. The contention of appellants is that this evidence
fell short of showing that plaintiff was a citizen of the
state of California, in the absence of which, they insist,
plaintiff could not maintain the action. In support of their
contention they cite numerous cases involving diversified
citizenship as a condition of the right to invoke the juris-
diction of the federal courts. In our opinion, these cases
are not applicable to the question here presented. Neither
race nor color is involved in the term ''citizen.'' When
used alone and without words of qualification, the term
may have different meanings, depending upon the context
in which it is found. As said in *Union Hotel Co.* v. *Hersee,*
79 N. Y. 454 [35 Am. Rep. 536], ''the word must be taken
in the sense which best harmonizes with the subject matter
in reference to which it is used.'' When we speak of a
citizen of the United States we mean one who is born
within the limits of or who has been naturalized by the
laws of the United States; and when we speak of a citizen
of a state we mean a citizen of the United States whose
domicile is in such state. While the word is not convertible
with ''resident,'' nevertheless it is often used synonymously
with such term without any implication of political privi-
leges. **[1]** As employed in sections 51 and 52 of the Civil
Code, the term ''citizen'' is not used in a restricted sense
—that is, a citizen of a state or citizen of the United States
—but in the broad and unrestricted sense, implying that

one is a resident of the state and as such entitled to invoke the jurisdiction of its courts to protect a right guaranteed to all, without reference to race or color, who reside within its jurisdiction. To hold otherwise would render the statute obnoxious to the fourteenth amendment of the federal constitution, under which a state may not "deny to any person within its jurisdiction the equal protection of the laws." In our opinion, it was not the intent of the legislature to restrict the operation of the statute to those only who were subjects of the United States government and exclude therefrom unnaturalized residents of foreign birth, whether white or black. [2] The evidence shows that plaintiff was a resident of the state, which fact entitled him to maintain the action. Whether or not he was a citizen of the United States, with all the rights implied by such term, is immaterial.

[3] It appears that neither defendant A. L. nor M. Gore was cognizant of the act of their employees in discriminating against plaintiff by refusing to permit him a seat on the lower floor of the house. Neither had they given any instruction to their employees to exclude or discriminate against patrons of the negro race; and hence appellants insist that the judgment as to defendants Gore should be reversed. This contention is based upon the claim that the statute is penal in character, and that defendants Gore cannot be held liable for a wrong committed by their employees. Conceding the statute to be penal, we are nevertheless of the opinion that defendants are liable for the acts of their manager, defendant Wolfe, in discriminating against plaintiff. Section 2338 of the Civil Code declares: "Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the . . . wrongful acts committed by such agent in and as a part of the transaction of such business." In *Otis Elevator Co.* v. *First Nat. Bank,* 163 Cal. 39 [41 L. R. A. (N. S.) 529, 124 Pac. 707], it is said: "It is the general doctrine of the law, as it is our statutory rule, that a principal is liable to third parties not only for the negligence of its agent in the transaction of the business of the agency, but likewise for the frauds, torts, or other wrongful acts committed by such agent in and as part of

the transaction of such business.'' Moreover, the provision does not purport to be a penal statute. No criminal offense is created thereby, and no provision is made for criminal prosecution nor the recovery by the state of any fine or the imposition of a penalty for a public wrong. It merely fixes a minimum measure of damages for a private tort to be recovered by an aggrieved party for his own benefit. (*Gruewetter* v. *Cumberland Tel. & Tel. Co.*, 181 Fed. 248.)

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.