[S. F. No. 20913. In Bank. Mar. 26, 1962.]

CHARLES R. HUDSON et al., Plaintiffs and Respondents, v. MURRAY F. NIXON et al., Defendants and Appellants.

Lackman and Lackman, Samuel Lackman and Lawrence H. Lackman for Defendants and Appellants.

Kane and Canelo, Thomas J. Kane, Jr., Adolph B. Canelo III and Martin J. Rosen for Plaintiffs and Respondents.

GIBSON, C. J.—The trial court found that defendants, husband and wife, owners of various housing and rental units known as the Nixon Apartments, refused, in January 1960, to rent one of the units to plaintiffs, who are Negroes, solely because of their color and race. It was stipulated that the property constituted publicly assisted housing accommodations within the meaning of the Hawkins Act. (Health & Saf. Code, §§ 35700-35741, added in 1959.) Defendants have appealed from a judgment awarding damages to plaintiffs.

Our decision in *Burks* v. *Poppy Construction Co., ante,* p. 463 [20 Cal.Rptr. 609, 370 P.2d 313], is controlling with respect to the validity and application of the Hawkins Act. The additional contention is made that the judgment against Mrs. Nixon is not supported by the evidence. The transaction with plaintiffs was handled by Mr. Nixon, who was "personally running" the apartments at the time, and it may be inferred from the evidence that Mr. Nixon was

acting not only for himself but also as agent for his wife. It is argued, however, that the Hawkins Act is penal in character and that Mrs. Nixon cannot be held liable for the wrong of her husband in the absence of evidence of personal fault. The act provides for the recovery of "damages caused by [a violation of the act] in a sum of not less than five hundred dollars." The provision is obviously one for compensatory damages and establishes a minimum amount to be awarded. (*Cf. Prowd* v. *Gore*, 57 Cal.App. 458, 462 [207 P. 490].) It is settled that a principal is liable for compensatory damages for the wrong committed by an agent in transacting the principal's business regardless of whether the wrong is authorized or ratified by the principal, and this rule applies even where the wrong is intentional and malicious. (Civ. Code, § 2338; *Fields* v. *Sanders*, 29 Cal.2d 834, 838 et seq. [180 P.2d 684, 172 A.L.R. 525]; *Carr* v. *Wm. C. Crowell Co.*, 28 Cal.2d 652, 654 et seq. [171 P.2d 5].)

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.

Appellants' petition for a rehearing was denied April 25, 1962.