[Civ. No. 7451. Fourth Dist. Aug. 5, 1965.]

ALLEN NUFFER, as Executor, etc., Plaintiff and Respondent, v. INSURANCE COMPANY OF NORTH AMERICA et al., Defendants and Appellants.

Bert W. Levit, Herbert Z. Ehrmann, David C. Bogert, Frances Ehrmann and Long & Levit for Defendants and Appellants.

C. F. Sturdevant, Jr., and D. M. Campbell for Plaintiff and Respondent.

COUGHLIN, J.—In this action, seeking recovery on behalf of an insured under fire insurance policies, the trial court granted plaintiff's motion for a directed verdict following presentation of the plaintiff's case, and an opening statement by the defendant insurance companies setting forth their defense. The sufficiency of plaintiff's case was not contested. Defendants appeal, contending their statement of facts supported legal defenses to recovery upon the policies and the conclusion of the trial court to the contrary, which resulted in the directed verdict, was error.

John Brunner, owner of the Barbara Worth Hotel and

Annex in El Centro, California, designated his nephew, Joseph Komenda, his agent and manager under a general power of attorney. As such agent Komenda obtained issuance of fire insurance policies by defendants in favor of Brunner, as the insured, covering the hotel and annex. Subsequently, a fire starting in the basement destroyed the hotel and substantially damaged the annex. The agreed loss was $569,341.03. Komenda, having been appointed conservator of the estate of Brunner, brought this action as such conservator to recover under the fire policies. Thereafter, Brunner died and the executor of his last will and testament was substituted as plaintiff. The defendant insurance companies contested liability upon the grounds (1) that the fire was set by Komenda acting as agent for Brunner; (2) that a substantial part of the loss sustained was caused by the wilful acts of Brunner and of Komenda, as agent for Brunner, in failing to install an automatic sprinkler system in the basement of the hotel; and (3) that Komenda, as Brunner's agent, wilfully gave false testimony on material matters upon his examination under oath by the insurers pursuant to policy provisions authorizing such. At the close of plaintiff's case defendants stated the facts they intended to prove in support of the foregoing defenses which would preclude recovery under the policies. Following such statement plaintiff moved for a directed verdict upon the ground that the facts stated, as a matter of law, did not establish the defenses upon which defendants relied. The court granted the motion. The question on appeal is whether this constituted error, and requires a determination whether or not the facts relied upon by defendants constituted defenses to liability under the policies.

## Arson by Agent

The statement of facts supports the conclusion that the fire was of incendiary origin; that it was set by Komenda who, at the time, was general manager of the hotel acting under "a very broad and complete power of attorney, giving him full authority to do, in effect, anything he saw fit"; that the hotel had been operating at a loss; that the purpose of setting the fire was to recover upon the insurance policies; and that Brunner neither participated in, through guilty knowledge, nor ratified the arson by Komenda.

Defendants contend that an insured may not recover under a policy of fire insurance for a loss caused by arson of the

insured's agent appointed under a general power of attorney. This contention is premised upon the provisions of section 533 of the Insurance Code that, "An insurer is not liable for a loss caused by the wilful act of the insured"; upon the general rule that the act of an agent for purposes within the scope of his authority is the act of the principal (Civ. Code, § 2330); and upon the claim that an agent, acting under a general power of attorney, in wilfully causing a loss covered by insurance represents his principal.

The provisions of section 533 of the Insurance Code, heretofore noted, are a codification of "the general rule that an insurance policy indemnifying the insured against liability due to his own wilful wrong is void as against public policy. . . ." (*Arenson* v. *National Auto. & Cas. Ins. Co.*, 45 Cal.2d 81, 84 [286 P.2d 816].)

The courts of all jurisdictions in the United States, save one, that have considered situations such as in the case at bench, have held that recovery upon a policy of fire insurance is not defeated by the fact that the loss for which recovery is sought resulted from the intentional burning by the insured's agent of the property covered by the policy (*Orient Ins. Co.* v. *Parkhill*, 170 F.2d 510; *Firemen's Mut. Ins. Co.* v. *Aponaug Mfg. Co.*, 149 F.2d 359, 361, 364; *Plinsky* v. *Germania F. & M. Ins. Co.*, 32 F. 47, 50; *Hartford Fire Ins. Co.* v. *Clark*, 258 Ala. 141 [61 So.2d 19, 28]; *Feibelman* v. *Manchester Fire Assur. Co.*, 108 Ala. 180 [19 So. 540, 548]; *Williams* v. *Fire Assn. of Philadelphia* (La. App.) 193 So. 202, 204; *Austin* v. *Maine Farmers' Mutual Fire Ins. Co.*, 126 Me. 478 [139 A. 681, 56 A.L.R. 384]; *Rent-A-Car Co.* v. *Globe & Rutgers Fire Ins. Co.*, 158 Md. 169 [148 A. 252, 256]; *Miller & Dobrin Furniture Co.* v. *Camden Fire Ins. Co. Assn.*, 55 N.J. Super. 205 [150 A.2d 276, 283]; *Aetna Ins. Co.* v. *Carpenter*, 170 Va. 312 [196 S.E. 641, 646-647]; *Hawkins* v. *Glens Falls Ins. Co.*, 115 W. Va. 618 [177 S.E. 442, 446]; 29A Am.Jur. 1304, p. 427; contra, *Sternberg* v. *Merchants' Fire Assur. Corp.*, 6 F.Supp. 541), unless the insured personally participated in the arson or ratified the same (*Id.*), or the agent would benefit substantially from recovery upon the policy. (*California Ins. Co.* v. *Allen*, 235 F.2d 178, 179; *Firemen's Mut. Ins. Co.* v. *Aponaug Mfg. Co.*, supra, 149 F.2d 359, 361; *Kimball Ice Co.* v. *Hartford Fire Ins. Co.*, 18 F.2d 563, 565-566 [52 A.L.R. 799]; *Meily Co.* v. *London & Lancashire Fire Ins. Co.*, 148 F. 683 [79 C.C.A. 454]; *D. I. Felsenthal Co.* v. *Northern Assur. Co.*, 284 Ill. 343 [120 N.E.

268, 270, 1 A.L.R. 602]; *Miller & Dobrin Furniture Co.* v. *Camden Fire Ins. Co. Assn., supra,* (N.J.) 150 A.2d 276, 280, 283; *Travelers Fire Ins. Co.* v. *Wright* (Okla.) 322 P.2d 417, 422 [70 A.L.R.2d 1170]; *Bellman* v. *Home Ins. Co.,* 178 Wis. 349 [189 N.W. 1028, 27 A.L.R. 945].) ■ The basis for this holding is that a general power of attorney does not confer upon an agent authority to commit arson. (*Williams* v. *Fire Assn. of Philadelphia, supra,* (La.) 193 So. 202, 204; *Hawkins* v. *Glens Falls Ins. Co., supra,* (W.Va.) 177 S.E. 442, 446.) ■ The liability of a third person contracting with a principal is affected by the conduct of the agent in relation to the contract subsequent to its making, absent elements of estoppel or ratification, only if such conduct is authorized. (Generally see Rest., Agency, § 300, p. 672.) ■ In California, by statute, an agent has authority "To do everything necessary or proper and usual, in the ordinary course of business, for effecting the purpose of his agency." (Civ. Code, § 2319, subd. 1.) The commission of arson may not be classified as a "thing necessary or proper and usual" to effect the purpose of a general agency. ■ Authority to do a criminal act will not be presumed. (*People* v. *Green,* 22 Cal.App. 45, 50 [133 P. 334]; Rest., Agency, § 34, p. 86.) This concept conforms to the settled rule of law that a principal is not liable criminally for a criminal act of his agent unless he authorized, consented to, advised, aided or encouraged the specific act. (*People* v. *Doble,* 203 Cal. 510, 515 [265 P. 184].)

Defendants contend that the exclusionary provisions of Insurance Code section 533 apply to a loss arising from an act of arson by an agent because such an act is within the scope of a general agent's authority under the rules governing an application of the doctrine of *respondeat superior;* a principal is responsible to a third person for wrongful acts committed by his agent in and as a part of the transaction of the business of the agency, regardless of whether the wrong is authorized or ratified by him, and even where it is intentional and malicious (Civ. Code, § 2338; *Hudson* v. *Nixon,* 57 Cal.2d 482, 484 [20 Cal.Rptr. 620, 370 P.2d 324]; *Mercado* v. *Hoefler,* 190 Cal.App.2d 12, 17 [11 Cal.Rptr. 787]); and under these rules an act of the agent may be within the scope of his authority even though it is not authorized (*Deevy* v. *Tassi,* 21 Cal.2d 109, 125 [130 P.2d 389]), or is unlawful (e.g. see *Hudson* v. *Nixon, supra,* 57 Cal.2d 482, 484; *Carr* v. *Wm. C. Crowell Co.,* 28 Cal.2d 652 [171 P.2d 5].) ■ How-

ever, the rules governing a determination of the scope of an agent's authority for the purpose of ascertaining the responsibility of his principal on account of wrongs committed by the agent in the transaction of the business of the agency do not control a determination of the scope of the agent's authority for other purposes. The case at bench does not concern the responsibility of a principal to a third person for a loss occasioned by wrongs committed by an agent. Instead, the case here concerns the responsibility of a third person under a contract of indemnity for a loss sustained by the principal as a result of an act of the agent. Stated otherwise, the case here concerns the coverage provided by the insurance policies. ▮ The provisions of Insurance Code section 533 are a part of those policies, equivalent to an exclusionary clause therein. (*Maxon* v. *Security Ins. Co.*, 214 Cal.App.2d 603, 615 [29 Cal.Rptr. 586].) ▮ Exclusions are construed strictly against the insurer and liberally in favor of the insured. (*Arenson* v. *National Auto. & Cas. Ins. Co.*, *supra*, 45 Cal.2d 81, 83.) ▮ There is no express provision in the policies excluding a loss occasioned by arson of the insured's agent. The general rule codified in Insurance Code section 533 specifically does not foreclose recovery by an insured upon a fire insurance policy for a loss caused by arson of the insured's agent, and the courts of many jurisdictions, as heretofore noted, have asserted as a general rule the right of such an insured to recover for such a loss. These decisions are of long standing. Coexistent therewith has been the general rule codified in Insurance Code section 533. In light of these coexistent general rules, a policy of fire insurance which does not expressly exclude from coverage a loss caused by arson of the insured's agent must be deemed to include such a loss.

In further support of their position that a loss occasioned by arson of the insured's agent is caused by the wilful act of the insured within the meaning of Insurance Code section 533, defendants rely upon decisions holding that a term of the contract providing for nonliability in the event the insured files a false claim includes false claims filed by an agent of the insured, even though the agent was not authorized to falsify the claim. (See *Stockton etc. Works* v. *Glen's Falls Ins. Co.*, 98 Cal. 557, 575 [33 P. 633]; *Hyland* v. *Millers Nat. Ins. Co.*, 58 F.2d 1003, 1006; *Davis Scofield Co.* v. *Reliance Ins. Co.*, 109 Conn. 686 [145 A. 42]; *Bockser* v. *Dorchester Mut. Fire Ins. Co.*, 327 Mass. 473 [99 N.E.2d 640,

24 A.L.R.2d 1215] ; *Mick* v. *Royal Exch. Assur.*, 87 N.J. L. 607 [91 A. 102, 52 L.R.A. N.S. 1074].) These decisions apply the general rule set forth in Restatement of the Law of Agency that, ''A principal who puts an agent in a position that enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud.'' (Rest., Agency, § 261, p. 582.) This rule, clearly, is not applicable to the instant situation, because an agent who commits arson is not apparently acting within his authority. A grant of authority to do a lawful act which may encompass its performance in an unlawful manner and a grant of authority to do an unlawful act are not the same; the former is not a legal equivalent of the latter.

 The defendants also contend that the pretrial order did not raise an issue as to whether the act of Komenda in setting the fire was the act of Brunner, and for this reason any limitation upon Komenda's authority in the premises may not be considered in passing upon their defense that the fire was the wilful act of the insured. There is no merit to this contention. The broad terms of the pretrial order stating the arson issue included the incidental agency issue.

### WILFUL MISCONDUCT

Defendants also assert nonliability under their policies because of the wilful act of the insured in failing to install an automatic sprinkler system allegedly required by Health and Safety Code section 16711.[1] The statement of facts in support of this defense, assuming such to be true, is sufficient to establish that in February 1961 the ''hotel'' was given written notice that it was in violation of various fire laws because of the noninstallation of a sprinkler system in the basement; that thereafter no effort was made to install such a system; that in June 1961 a Rathskeller night club was installed in the basement which constituted a change in the use and occupancy of the basement area; that on July 31, 1961, Komenda was appointed manager under a general power of attorney; that he made no effort to install a sprinkler system; that the origin of the fire which occurred Jan. 21, 1962, was

[1]This section was repealed effective Sept. 15, 1961, by Stats. 1961, ch. 1844, p. 3919, § 7, but it was stipulated by counsel for plaintiff on oral argument before this court, that the section was moved bodily into the Administrative Code at the time it was repealed, and that plaintiff made no point respecting the matter of repeal.

in a hallway or corridor in the basement where spare furniture, consisting of couches and divans, was stored; and that if this area had been equipped with a sprinkler system the fire would have been confined thereto, and the loss would have been negligible.

Defendants contend that these facts establish a wilful act of the insured causing a loss for which the insurer is not liable by virtue of the provisions of section 533 of the Insurance Code. This code section, in addition to providing that an insurer is not liable for a loss caused by the wilful act of the insured, further provides that the insurer "is not exonerated by the negligence of the insured, or of the insured's agents, or others." A determinative issue, as presented by the parties, is whether the failure of the insured to equip the basement of the hotel with a sprinkler system was a wilful act within the meaning of section 533 of the Insurance Code, as distinguished from a negligent act. For the purpose at hand it will be assumed that, in addition to any personal failure of the insured to install the sprinkler system, the failure of his agent to install such also was his failure.[2]

Basic to defendant's contention that the omission in question constituted a wilful act foreclosing recovery upon the policies is the claim that such omission violated the provisions of section 16711 of the Health and Safety Code. Specific attention is directed to the dual situations to which that section applies by requiring that (1) "any compartment or room in any apartment house or hotel basement or cellar containing more than 1,800 square feet of floor area," or (2) "any basement or cellar compartment or room in such a building used for storing combustible materials, shall be equipped with an automatic sprinkler system . . . ." Defendants contend that the facts in this case bring the Barbara Worth Hotel and Annex within both situations to which section 16711 was directed; claim that any hotel basement which in its entirety contains more than 1800 square feet must be equipped with a sprinkler system throughout, regardless of whether the basement is divided into compart-

---

[2]In *Arenson* v. *National Auto. & Cas. Ins. Co., supra,* 45 Cal.2d 81, 84, the court said, "Section 533 of the Insurance Code . . . has no application to a situation where the plaintiff is not *personally* at fault." (Italics ours.) This statement may be dicta as to an agency problem because the wilful act there under consideration was not that of the insured's agent. On the other hand, in *Standard Marine Ins. Co.* v. *Nome Beach L. & T. Co.,* 133 F. 636 [67 C.C.A. 602, 1 L.R.A. N.S. 1095], the court applied Cal. Civ Code, § 2629, the identical predecessor of Ins. Code, § 533, to a loss caused by the wilful act of the insured's agent.

ments; and also claim that the corridor wherein the fire commenced was a basement compartment or room used for storing combustible materials. The basement of the Barbara Worth Hotel contained several compartments or rooms. It is not contended that any one of these contained "more than 1,800 square feet of floor area." Under these circumstances, the first situation to which section 16711 is directed did not require installation of a sprinkler system in the subject basement. Contrary to defendants' contention, this part of section 16711 applies only to a compartment or room containing more than 1,800 square feet of floor area. The phrase "in any apartment house or hotel basement or cellar" is used to describe the location of the compartment or room containing more than 1,800 square feet of floor area to which the sprinkler system requirement is directed. On the other hand, assuming the statement of facts may support a conclusion that the corridor in which the fire started was a basement compartment or room used for storing combustible materials,[3] the question for determination is whether the failure to install a sprinkler system in this area constituted a wilful act within the meaning of Insurance Code section 533 which would foreclose recovery under the subject policies. In this regard the court in *Russ-Field Corp.* v. *Underwriters at Lloyd's,* 164 Cal.App.2d 83, 96 [330 P.2d 432], held: "A 'wilful act' as used in this statute connotes something more blameworthy than the sort of misconduct involved in ordinary negligence, and something more than the mere intentional doing of an act constituting such negligence." (See *Walters* v. *American Ins. Co.,* 185 Cal.App.2d 776, 783 [8 Cal.Rptr. 665].)

The failure of the insured in the case at bench, or of his agent, to install a sprinkler system in the corridor where four or five pieces of furniture were piled on top of each other, in light of the statutory requirement for installation of such a system in a compartment or room used for storing combustible materials, even though assumed to be a technical violation of the statute sufficient to support a finding of negligence, did not amount to wilful misconduct and would not have supported a finding of the wilful act contemplated by

---

[3] The combustible material consisted of furniture described as "good quality furniture, not cheap furniture, . . . it was in good shape. It might have been a little dusty, but that was all that was wrong with it." Particular note was made of the fact that "at the time of the fire, there was no gasoline or any other flammable—inflammable liquids or substances of that nature actually stored in the basement as a regular practice."

Insurance Code section 533. (*Gillespie* v. *Rawlings,* 49 Cal.2d 359, 367 [317 P.2d 601]; *Mercer-Fraser Co.* v. *Industrial Acc. Com.,* 40 Cal.2d 102, 115-119 [251 P.2d 955]; *Meek* v. *Fowler,* 3 Cal.2d 420, 424-426 [45 P.2d 194].)

In reply to plaintiff's contentions that Health and Safety Code section 16711 did not apply to a hotel basement as such, and that the facts upon which defendants rely did not constitute wilful misconduct, the latter assert that issues of law respecting these matters were not raised by the pretrial order. There is no merit to this contention. The statement in the pretrial order of the wilful misconduct issue, as of the previously considered arson issue, encompassed many incidental issues of law and fact, and in the instance at hand included those to which the plaintiff's contentions were directed.

### FALSE STATEMENTS BY AGENT

Defendants also assert nonliability on the ground that Komenda, after the fire, made false statements activating the provision in each policy that it "shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto." (See Ins. Code, § 2071.) The facts relied upon to support this assertion are that Komenda was examined under oath by defendants pursuant to a provision in the policies permitting such, and in the course of this examination did not tell the truth about his whereabouts before the fire, or about his efforts to get bids on a sprinkler system.

Plaintiff contends that the alleged false statements regarding Komenda's whereabouts before the fire and his efforts to get bids on a sprinkler system do not, in the words of the policy provision in question, relate to "any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein." Obviously Komenda's whereabouts or his efforts to obtain bids on a sprinkler system were not related to the subject of the insurance covered by the policies, or the interest of the insured in that subject. The only relation between the facts about which Komenda allegedly made false statements and the insurance provided by the policies is the relation between those facts and the defendants' liability under those policies. Komen-

da's whereabouts were material to a determination of this liability only because of defendants' claim he set the fire and his act in doing so was attributable to the insured. In view of our conclusion that Komenda's arson did not bar recovery upon the policies, his whereabouts before the fire was not material to the issue of liability. Likewise, Komenda's efforts to obtain bids for a sprinkler system were material to this issue only insofar as they would establish wilful misconduct through proof of his failure to install such a system. As this failure, if true, would not constitute wilful misconduct under the facts of this case, circumstances tending to prove such failure were not material to the issue of liability.

### Alleged Error In Entertaining Motion for Directed Verdict on Opening Statement

Defendants contend that their opening statement did not purport to be a complete recital of all of the facts upon which they relied to support their defenses, and for this reason the court could not conclude, as a matter of law, those defenses were not sustainable, citing the decisions in *Paul* v. *Layne & Bowler Corp.*, 9 Cal.2d 561, 566 [71 P.2d 817], *Bias* v. *Reed*, 169 Cal. 33, 37 [145 P. 516], *Weyburn* v. *California Kamloops, Inc.*, 200 Cal.App.2d 239, 241 [19 Cal.Rptr. 357], and *Abos* v. *Martyn*, 31 Cal.App.2d 705 [88 P.2d 797], in support of this position. The cited cases are factually distinguishable from the case at bench.

During the argument upon plaintiff's motion for a directed verdict the court advised all parties that counsel for defendants had a right to amend his opening statement if he so desired. Subsequently, such an amendment was offered, the substance of which was that (1) there were changes in the use of the hotel following enactment of Health and Safety Code section 16711; (2) in taking out the subject policies, Komenda alone dealt with the insurance agent, and it was he who procured them; and (3) at the time of the fire and for some time prior thereto Komenda expected to acquire an interest in the hotel after Brunner's death. The obvious purport of this additional statement was to effect a complete statement of the facts upon which the defendants relied.

 In the opening statement, prior to amendment, counsel for defendants specifically referred to false representations made by Komenda during his examination by defendants and followed this specific recital with the state-

ment: ''These are perhaps the major items. There may possibly be others.'' He never suggested to the trial court the existence of any specific false representations other than those contained in his original opening statement, nor has he intimated to this court the existence of any such specific false statements. Instead, he contents himself with the assertion that the trial court improperly granted the motion for a directed verdict because Komenda possibly may have made false statements the materiality of which cannot be determined. If the trial court erred in directing a verdict for plaintiff because of the inclusion in defendants' opening statement that possibly there might be false representations made by Komenda, in addition to those specifically related, they have failed to show this error constituted a miscarriage of justice requiring a reversal. The situation in the case at bench is analagous to that in *Estate of McNeil,* 155 Cal. 333, 338 [100 P. 1086] where the court said: ''After the motion for a nonsuit had been made, counsel amplified the statement previously made, and there was no intimation in the court below and there has been no intimation in any of the briefs that counsel had any evidence to offer other than such evidence as was detailed in the statements made before the trial court.''

　　As to the arson issue, defendants sought to bring their case within the exception to the general rule where payment of the insurance would benefit substantially the agent-arsonist, by including in their statement the fact that at the time of the fire Komenda expected to acquire an interest in the hotel following Brunner's death. Proof in support of this additional statement would not have established that Komenda had an interest in the insurance proceeds or would be benefited by their payment. At the most, such proof would establish only Komenda's expectations in the premises. The sole legal question under the statement of facts relating to the arson issue was presented forthrightly by counsel for defendants when he told the trial court: ''Our contention is simply that under insurance law, which we believe to be the law in California, that where you have a principal who places property in charge of an agent, in full and complete charge of an agent, that the wrongful act of that agent in the form of the deliberate destruction of that property is binding, in effect, legally on the principal and that this is true regardless of the fact that the principal didn't instruct the act to be committed, had no knowledge

that it was being committed, and didn't ratify it, and I say this in all fairness to everybody because this is what we are trying to show. If we are wrong, then we might as well know about it now.'' The trial court decided defendants were wrong, and this court has concluded this decision was correct.

From the record before us, the briefs on file and oral argument presented by counsel, no reason appears for concluding that defendants' statement of facts as presented to the trial court was not full and complete; did not include every substantial fact intended to be proved; or did not adequately present the issues of law determinative of their pleaded defenses. In this aspect the case is controlled by the decisions in *Paul* v. *Layne & Bowler Corp., supra,* 9 Cal.2d 561, 564, *Bias* v. *Reed, supra,* 169 Cal. 33, 38, and *Porter* v. *Fiske,* 74 Cal.App.2d 332, 334 [171 P.2d 971]. No purpose would have been served in permitting defendants to introduce evidence in support of the facts they intended to prove. The court properly entertained plaintiff's motion for a directed verdict, based upon an assumption of the truth of the facts in defendants' opening statement, as a method to determine the issues of law asserted in support of their position.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

A petition for a rehearing was denied August 24, 1965, and appellants' petition for a hearing by the Supreme Court was denied September 29, 1965.