[Civ. No. 24469. Fourth Dist., Div. One. Feb. 9, 1983.]

KENNETH FOSS, as Special Administrator, etc., et al., Plaintiffs and Appellants, v.
ANTHONY INDUSTRIES, Defendant and Respondent;
JO'DEE ENTERPRISES et al., Defendants and Appellants.

**COUNSEL**

Melvin M. Belli, Daniel U. Smith and Harold Selan for Plaintiffs and Appellants.

Robert A. Alexander, Jr., for Defendants and Appellants.

Haight, Dickson, Brown & Bonesteel, Peter O. Ezzell, Roy G. Weatherup and Robert L. Washburn for Defendant and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Kenneth Foss, special administrator of the estate of Harry C. Foss, Jr., deceased, appeals a nonsuit favoring Anthony Industries. Foss also seeks a new trial on the amount of damages he received against Anthony's codefendant, Jo'Dee Enterprises. Jo'Dee appeals the judgment against it, arguing evidence showing it should not be held vicariously liable was improperly excluded.

Jo'Dee, a partnership owned and operated by Jon and Ann Mitchell, was hired by Anthony to excavate a swimming pool site. A truck owned by Jon Mitchell and driven by David Zaugg, an employee of Jo'Dee, struck a motorcycle ridden by Harry Foss, killing Foss. The accident occurred as Zaugg was

returning to the pool site after dumping a load of debris from the excavation. Zaugg turned left across Foss' lane without signaling or seeing Foss.

Plaintiff brought this wrongful death action on behalf of the deceased's four minor daughters against Anthony, Jo'Dee and Zaugg. After plaintiff presented his case, Anthony moved for a nonsuit, arguing plaintiff had not shown Jo'Dee was an employee rather than an independent contractor and thus Anthony is not vicariously liable for the acts of Jo'Dee's employee. The motion was granted. The case against Zaugg and Jo'Dee continued and the jury found them liable and set damages at $200,000. Plaintiff appeals the judgment following the nonsuit favoring Anthony and seeks a new trial on damages against Jo'Dee. Jo'Dee appeals the judgment, arguing evidence showing Zaugg was acting outside the scope of his employment at the time of the accident was improperly excluded.

## The Nonsuit

■ Plaintiff's attack on the nonsuit is based in part on his contention the superior court erred in finding Labor Code section 2750.5 is inapplicable. Section 2750.5 creates "a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code . . . is an employee rather than an independent contractor." The section also absolutely denies independent contractor status to a person required to have such a license who is not licensed. Before trial the superior court ruled section 2750.5 inapplicable, finding it was intended to apply only in workers' compensation cases. Plaintiff correctly argues the nonsuit must be reversed if this finding was incorrect as it is undisputed Jo'Dee was required by the relevant chapter of the Business and Professions Code to be licensed to do the excavation work and yet was not licensed. Therefore, section 2750.5 would, if applicable, at least absolve plaintiff of the burden of showing Jo'Dee was an employee rather than an independent contractor; the nonsuit would thus be improper as it was based on plaintiff's failure to meet that burden.

In ruling section 2750.5 applies only in workers' compensation cases, the superior court relied heavily on the last paragraph of the section, "For purposes of workers' compensation law, this presumption is a supplement to the existing statutory definitions of employee and independent contractor, and is not intended to lessen the coverage of employees under Division 4 and Division 5." This provision does not show legislative intent to limit application of section 2750.5 to workers' compensation cases. To the contrary, the language "For purposes of workers' compensation law" and the location of the provision at the end of section 2750.5 rather than at the beginning as a limiting clause, imply there are other purposes for which the section is to be used. This conclusion is supported by the fact the reference to workers' compensation was not even in section

2750.5 as it was originally proposed in the Legislature; it was added by amendment. (See Assem. Bill No. 3429 (1978 Reg. Sess.).) Furthermore, section 2750.5 is not in the divisions of the Labor Code dealing with workers' compensation but rather is in division 3, the scope of which is set by section 2700, "The provisions of this division shall not limit, change, or in any way qualify the provisions of Divisions 4 and 4.5 [the workers' compensation divisions], but shall be fully operative and effective in all cases where the provisions of Divisions 4 and 4.5 are not applicable." To uphold the superior court's finding section 2750.5 applies only in workers' compensation cases, we would have to assume the Legislature did not realize the scope of the division in which it placed the new section, an assumption we cannot make.

Interpreting section 2750.5 as applying in areas other than workers' compensation is also supported by the factors the section says a party must prove to rebut the presumption of employee status (subds. (a)-(c) of § 2750.5). These are the same factors which have traditionally been used in tort cases involving injuries to third parties. (See 1 Witkin, Summary of Cal. Law (8th ed. 1973) Agency and Employment, §§ 12, 13, pp. 651-652.) The test set by section 2750.5 for independent contractor status is also the one used in the cases Anthony would have us apply here to determine the status of Jo'Dee (*Green* v. *Soule* (1904) 145 Cal. 96 [78 P. 337]; *Sparks* v. *L. D. Folsom Co.* (1963) 217 Cal.App.2d 279 [31 Cal.Rptr. 640]; *Winther* v. *Industrial Acc. Com.* (1936) 16 Cal.App.2d 131 [60 P.2d 342]); Anthony takes the untenable position of arguing for application of a standard while contending the codification of that standard is inapplicable.

Anthony's argument section 2750.5 is inapplicable in tort cases because it is found in the Labor Code is also unpersuasive. As stated above, section 2750.5 codifies the general tort standard for independent contractor status. Furthermore, it is clear the basic provisions of the Labor Code on employee status are not limited to cases involving disputes between employer and employee because those provisions were originally in the Civil Code and were transferred to the Labor Code when it was created in 1937 in order to group all provisions on employment status in the same code (1 Witkin, Summary of Cal. Law (8th ed. 1973) Agency and Employment, § 3, p. 645). This has long been recognized as courts have cited the Labor Code on employment status in tort cases involving injuries to third parties. (See, e.g., *Phillips* v. *Larrabee* (1939) 32 Cal.App.2d 720, 724 [90 P.2d 820].) This has also been recognized in the context of section 2750.5 by commentators who have noted the enactment of the section without finding it limited to employer-employee disputes (1 Witkin, Summary of Cal. Law (supp. 1982) Agency and Employment, § 20A, pp. 157-158; 38 Cal.Jur.3d (supp. 1982) Independent Contractors, §§ 1, 2, p. 53). One commentator has expressly recognized the section's application in tort cases (Comment, *Review of Selected 1978 Cal. Legislation* (1979) 10 Pacific L.J. 247, 347-349).

Despite the authority discussed above, we cannot conclude section 2750.5 applies in cases involving injuries to third parties without identifying a policy behind the section which is applicable in such cases; presumptions affecting the burden of proof, such as that created by section 2750.5, are designed to effectuate some public policy (Law Revision Com. com. to Evid. Code, § 605). There is a strong public policy behind section 2750.5 as it is consistent with the reasoning behind imposing vicarious liability under the doctrine of respondeat superior. " 'The principal justification for the application of the doctrine of *respondeat superior* in any case is the fact that the employer may spread the risk through insurance and carry the cost thereof as part of his costs of doing business.' " (*Hinman* v. *Westinghouse Elec. Co.* (1970) 2 Cal.3d 956, 960 [88 Cal.Rptr. 188, 471 P.2d 988].) The courts have recognized this policy is frustrated by allowing an employer to escape liability by asserting his employee is an independent contractor; the courts have carved out numerous exceptions to the independent contractor rule. "There are numerous considerations which have led courts to depart from the rule of nonliability of a private employer for the torts of an independent contractor. Some of the principal ones are that the enterprise, notwithstanding the employment of the independent contractor, remains the employer's because he is the party primarily to be benefited by it, that he selects the contractor, is free to insist upon one who is financially responsible, and to demand indemnity from him, that the insurance necessary to distribute the risk is properly a cost of the employer's business, and that the performance of the duty of care is of great importance to the public. [Citations.]" (*Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 253 [66 Cal.Rptr. 20, 437 P.2d 508].) Shifting the burden to the employer to show his employee was in fact an independent contractor and denying an employer the opportunity to raise the independent contractor defense if he has hired a worker who has not shown the competence and financial responsibility prerequisites to obtaining a contractor's license are entirely consistent with this policy approach.

The context of section 2750.5, the factors it lists as dispositive of the independent contractor issue and its underlying policy all show the superior court erred in finding the section does not apply in tort cases. However, to apply it here we must also find it is retroactive as it was enacted between the time of the accident and trial.

In determining the retroactivity of section 2750.5, its two provisions at issue here, the presumption and the denial of independent contractor status to an unlicensed person, must be considered separately because they have different effects. The presumption is merely procedural as it does not change the factors which must be proven to show independent contractor status but determines who must prove those factors. The licensing requirement, on the other hand, adds a new factor which must be shown to prove a party was an independent contractor. This distinction is vital because only procedural statutes are not sub-

ject to the general rule of nonretroactivity in the absence of legislative intent to the contrary (*Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.* (1946) 29 Cal.2d 228, 232-233 [174 P.2d 441]; *Johnston* v. *Sanchez* (1981) 121 Cal.App.3d 368, 375 [175 Cal.Rptr. 361]; *Wedding* v. *People* ex rel. *Dept. of Transportation* (1979) 88 Cal.App.3d 719, 724 [152 Cal.Rptr. 181]; *Bartman* v. *Estate of Bartman* (1978) 83 Cal.App.3d 780, 788 [148 Cal.Rptr. 207]; *Governing Board* v. *Commission on Professional Competence* (1977) 72 Cal.App.3d 447, 461 [140 Cal.Rptr. 206]; *Coast Bank* v. *Holmes* (1971) 19 Cal.App.3d 581, 594 [97 Cal.Rptr. 30]). There is no evidence the Legislature intended section 2750.5 to be retroactive and thus the licensing requirement cannot be applied here because it is not a procedural provision; it might give the relationship between Jo'Dee and Anthony different legal effect from that which it had under the law in effect when the relationship was created. (See *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 394 [182 P.2d 159]; *Bear Valley Mut. Wat. Co.* v. *County of San Bernardino* (1966) 242 Cal.App.2d 68, 72 [51 Cal.Rptr. 53].) The presumption is, however, procedural and should have been applied. The nonsuit was improper as it was based on the failure of plaintiff to meet a burden which should have been Anthony's.

Our finding the nonsuit was improper due to the failure to apply the presumption of section 2750.5 makes it unnecessary to consider the other theories plaintiff argues in support of his claim the superior court erred in granting the nonsuit. The burden placed on Anthony by the presumption and the considerable evidence showing Anthony exercised the right to control Jo'Dee's work will require the jury to determine the question of Jo'Dee's status.

*Request for New Trial on Damages*

■ At trial, plaintiff offered testimony to show the deceased intended to take a job after he retired from the Navy. The relevance of the evidence to the question of damages was shown by the testimony of an expert witness who said the deceased's children would have received over $100,000 more support from the deceased if he had taken the new job rather than completely retiring at the end of his naval career. The superior court excluded the evidence of the deceased's intent on the grounds it was hearsay. Plaintiff made an offer of proof to show the witness would have testified the deceased told him he intended to take the job following his retirement from the Navy.

Although the superior court correctly ruled the evidence was hearsay (deceased's statements were offered to prove their truth, i.e., deceased intended to continue working following his naval retirement), the exclusion ruling was incorrect because Evidence Code section 1250 creates an exception to the hearsay rule for statements of state of mind "including a statement of intent, plan, motive, design, mental feeling, pain or bodily health." The exception

covers statements of intent where the issue is what the declarant intended to do (*Estate of Aiello* (1980) 106 Cal.App.3d 669, 676 [165 Cal.Rptr. 207]). The deceased's statement of intent to continue working should have been admitted under section 1250.

The damages award shows the prejudice of the error. The jury awarded plaintiff $200,000, the exact amount the expert witness testified deceased would have contributed to his children if he did not take a new job following his retirement from the Navy; the jury set damages based on the assumption deceased would not have continued working following retirement. Therefore, "it is reasonably probable that a result more favorable to [plaintiff] would have been reached" had the jury been allowed to hear the evidence showing deceased intended to continue working. (*Cervantez* v. *J. C. Penney Co.* (1979) 24 Cal.3d 579, 591 [156 Cal.Rptr. 198, 595 P.2d 975]; *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]). Our finding the hearsay ruling was prejudicial error entitles plaintiff to a new trial on the issue of damages and makes it unnecessary to consider plaintiff's other assertions of error in regard to damages.

*Jo'Dee's Appeal*

■ Although it is undisputed Zaugg was working on the job Jo'Dee was hired to do at the time of the accident, Jo'Dee sought to introduce evidence to show Zaugg was acting outside the scope of his employment because he had been instructed to not drive the truck. The superior court refused to allow the evidence in, ruling the undisputed evidence showed Zaugg was acting as an employee as a matter of law. Jo'Dee contends this was error because the question of scope of employment is one of fact for the jury.

Scope of employment is normally a question of fact (*Ducey* v. *Argo Sales Co.* (1979) 25 Cal.3d 707, 722 [159 Cal.Rptr. 835, 602 P.2d 755]; *Dolinar* v. *Pedone* (1944) 63 Cal.App.2d 169, 175 [146 Cal.Rptr. 237]). However, "where the undisputed evidence clearly indicates that the employee was within the scope of employment . . . the employer is responsible under the doctrine of respondeat superior as a matter of law." (29 Cal.Jur.3d (1976) Employer and Employee, § 106, p. 668. See also *Hinman* v. *Westinghouse Elec. Co.*, *supra*, 2 Cal.3d 956, 963; *Golden West Broadcasters, Inc.* v. *Superior Court* (1981) 114 Cal.App.3d 947, 956 [171 Cal.Rptr. 95].) If, therefore, the undisputed evidence was sufficient to show Zaugg was acting within the scope of his employment regardless of whether he violated instructions by driving the truck, the superior court's ruling was correct. "As a general rule whatever is done by the employee in virtue of his employment and in furtherance of its ends is deemed by the law to be an act done within the course of his employment; . . . It is not necessary that the employee should have authority to do the particular

act which resulted in the injury complained of." (*DeMirjian* v. *Ideal Heating Corp.* (1954) 129 Cal.App.2d 758, 765 [278 Cal.Rptr. 114].) Acting in violation of a superior's instructions does not take an employee outside the scope of his employment (*Hudson* v. *Nixon* (1962) 57 Cal.2d 482, 484 [20 Cal.Rptr. 620, 370 P.2d 324]; *Clark Equipment Co.* v. *Wheat* (1979) 92 Cal.App.3d 503, 520 [154 Cal.Rptr. 874]; *Transcon. & W. Air* v. *Bank of America* (1941) 46 Cal.App.2d 708, 713 [116 P.2d 791]). The undisputed evidence here showed Zaugg was acting for the benefit of Jo'Dee at the time of the accident, performing a task necessary to the completion of the job Jo'Dee was hired to do. This evidence was sufficient to prove Zaugg was acting within the scope of his employment, regardless of whether he was following the instructions of his superiors. The superior court correctly found he was acting as an employee as a matter of law.

The judgment following a nonsuit favoring Anthony is reversed. The judgment of Jo'Dee's liability is affirmed, however, the issue of damages is reversed for a new trial.

Work, J., and Butler, J., concurred.

A petition for a rehearing was denied February 25, 1983, and respondent's petition for a hearing by the Supreme Court was denied April 13, 1983.