[L. A. No. 23232. In Bank. Aug. 15, 1955.]

IRVING ARENSON, Appellant, v. NATIONAL AUTO-
MOBILE AND CASUALTY INSURANCE COMPANY
(a Corporation), Respondent.

William Katz for Appellant.

Parker, Stanbury, Reese & McGee and Charles Agor Harrison for Respondent.

GIBSON, C. J.—Plaintiff, holder of a personal liability insurance policy issued by defendant company, brought this action for a declaration of his rights and a determination of defendant's liability under the policy. The court concluded that defendant was not liable, and judgment was entered accordingly.

The policy was issued to plaintiff as the named insured, and stated that "The unqualified word 'insured' includes (a) the named insured, (b) if residents of his household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of an insured. . . ." Defendant agreed to pay all sums up to $10,000 which the insured should become obligated to pay by reason of liability imposed upon him by law, including damages for injury to property, and to defend any suit brought against him in which such injury was alleged. One exclusion provision read, "This policy does not apply: . . . (c) to injury, sickness,

disease, death or destruction caused intentionally by or at the direction of the insured. . . ."

Plaintiff's minor son started a fire which injured school property, and the school district obtained a judgment against plaintiff for the amount of the damage.* The insurance company refused to defend the suit or to pay the amount of the judgment, claiming that the injury was caused intentionally by an insured and therefore came within the exclusion provision.

 The company takes the position that the words "the insured," appearing in the provision which excludes liability for injuries "caused intentionally by or at the direction of the insured," refer to a class composed of all those covered by the policy, so that none of them may recover where an injury is caused intentionally by any member of the class. Plaintiff, on the other hand, contends that the exclusion provision does not preclude an insured who has not participated in an intentional injury from being indemnified against liability for an injury intentionally committed by another insured and, furthermore, that there is nothing in the record here which discloses that the son's act was intentional. We have concluded that the policy protects the named insured against liability for intentional injury committed by another insured, and, accordingly, it will be unnecessary to consider whether the son's act was in fact intentional.

 The understanding of an ordinary person is the standard used in construing a contract of insurance, and any ambiguity in language must be resolved against the insurer. (*Ransom* v. *Penn. Mut. Life Ins. Co.*, 43 Cal.2d 420, 424-425 [274 P.2d 633].) It is also the rule that exceptions and exclusions are construed strictly against the insurer and liberally in favor of the insured. (*Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421, 424-425 [213 P. 42, 26 A.L.R. 123]; *Pacific Heating & Ventilating Co.* v. *Williamsburg City Fire Ins. Co.*, 158 Cal. 367, 369-370 [111 P. 4].)

 It has been held that an exclusion provision similar to the one involved here is reasonably understood as designed to prevent indemnifying one against loss from his own wrong-

*Section 16074 of the Education Code provides in part: "Any pupil who wilfully cuts, defaces, or otherwise injures in any way any property, real or personal, belonging to a school district is liable to suspension or expulsion, and the parent or guardian shall be liable for all damages so caused by the pupil. . . ."

ful acts and cannot be construed to exclude coverage for the wilful acts of another in the absence of a clear expression showing such intent. (*Western Cas. & Sur. Co.* v. *Aponaug Mfg. Co.*, 197 F.2d 673, 674; *Morgan* v. *Greater New York Taxpayers Mut. Ins. Assn.*, 305 N.Y. 233 [112 N.E.2d 273, 275].) This construction is further supported by decisions which hold that a policy extending coverage to several persons creates several obligations on the part of the insurer, so that a particular insured is not precluded from recovering merely because the claim of another insured is barred under the terms of an exclusion provision. (*Hoyt* v. *New Hampshire Fire Ins. Co.*, 92 N.H. 242 [29 A.2d 121, 123, 148 A.L.R. 484]; *Wenig* v. *Glens Falls Indem. Co.*, 294 N.Y. 195 [61 N.E.2d 442, 444-445]; *Pratt* v. *Hanover Fire Ins. Co.*, 50 R.I. 203 [146 A. 763, 764-765].)

 Plaintiff, the named insured, would obviously not be excluded from coverage for the wilful acts of his son if the clause defining additional insured persons did not appear in the policy. That clause was intended to benefit plaintiff by broadening coverage, and its purpose would be defeated if coverage were restricted by using the clause to construe the exclusion provision favorably to defendant company. (*Cf. Western Cas. & Sur. Co.* v. *Aponaug Mfg. Co.*, 197 F.2d 673, 674; *Morgan* v. *Greater New York Taxpayers Mut. Ins. Assn.*, 305 N.Y. 233 [112 N.E.2d 273, 275].)

 Section 533 of the Insurance Code,\* which codifies the general rule that an insurance policy indemnifying the insured against liability due to his own wilful wrong is void as against public policy, has no application to a situation where the plaintiff is not personally at fault.

 Plaintiff is entitled to recover the principal amount of the judgment against him with interest together with court costs and attorneys' fees properly incurred by him in defense of the school district's claim. (Civ. Code, § 2778; see *Security Bldg. & Loan Assn.* v. *Maryland Cas. Co.*, 6 Cal. App.2d 77, 79-80 [44 P.2d 370]; *United States Fid. & Guar. Co.* v. *Smith*, 97 Cal.App. 492, 497-498 [275 P. 878].)

The judgment is reversed.

 Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.

---

\*Section 533 of the Insurance Code provides: ''An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others.''