CRUZ EQUIPMENT CO., INC., Plaintiff
and Third-party Plaintiffs

v.

GUAM CABLE T.V. SYSTEMS, INC., et. al., Defendants

and

THE CONTINENTAL INSURANCE COMPANY, a corporation
Third-party Defendant

Civil No. 940-77

RENALTO T. TOLENTINO, Plaintiff

v.

MICHEL J. GUZMAN, et al., Defendants and
Third-party Plaintiffs

v.

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA., Third-party Defendant

Civil No 868-78
Superior Court of Guam
July 3, 1980

- - - - -

- - - - -

WEEKS, Judge

## DECISION AND ORDER

These consolidated cases come before the Court on the motion of an insured corporation against a third-party defendant insurer. In each case, an individual has recovered a judgment against a corporation for the intentional act of an

employee of the corporation. The corporation now seeks indemnification of judgment by its insurer.

The insurer defended by asserting that an intentional act of the insured is excluded from the coverage by the policy which states in each instance:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damages to which this insurance applies caused by an occurrence.

In both policies the word "occurrence" is defined as follows:

> Occurrence means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

They further assert that to allow recovery by the insured would be against public policy, and lastly contend that the executive status of the assailant within the corporation precludes recovery even if available to employees.

The Court finds that none of the three defensive positions outlined by the insurers relieves them of the obligation of payment to their insureds.

The first contention regarding the coverage afforded by the policies is not in accord with the many cases cited by third-party plaintiffs in their first memorandum. The exact language of the policies at issue was construed and found to afford coverage in Baltzar v. Williams, 254 So.2d 470 (La. App. 1971).

The additional cases cited by third-party plaintiff also illustrate that if an intentional tort is not directed or committed by the insured it is covered. Arenson v. National Automobile and Casualty Insurance Company, 45 Cal.2d 81 (1955).

The Court rejects the argument against permitting indemnification of persons guilty of no wrongdoing for which they are being reimbursed - they simply have the misfortune to be legally responsible for the wrongdoing of another.

Section 43401 of the Government Code of Guam [stating]

> An insured is not liable for a loss caused by the willful act of insured; but he is not exonerated by the negligence of the insured or of the insured's agents or others.

73

is the same as §533 of the California Insurance Code. In *Arenson* v. *National Automobile and Casualty Insurance Company*, *supra*, it was stated that that code section was not applicable where the insured was not personally at fault.

Lastly, insurers question the role of the assailants within the insureds' operation, alleging that one who is in an executive position dictates the actions of the insured sufficiently to make the liability personal to him and therefore unreimbursable.

The case of *Dart Industries, Inc.* v. *Liberty Mutual Insurance Company*, 484 F.2d 1295 (1973) is clearly on point. There, the action by the assailant executive was not at the direction of the insured and damages resulting were ordered indemnified.

Judgment is granted in favor of Cruz Equipment Company, Inc. and Chamorro Mart, Inc. under their respective insurance policies.

Attorney for insured to prepare judgment in conformity with this decision and submit to insurer's attorney for approval as to form.

SO ORDERED.