**In re Robert Michael FLICK, aka R. Michael Flick, Debtor.**

**Ralph A. BAXTER, Plaintiff,**

v.

**Robert Michael FLICK, aka R. Michael Flick, Defendant.**

**Bankruptcy No. 85–05945–H7.
Adv. No. C86–0985–H7.**

United States Bankruptcy Court,
S.D. California.

June 30, 1987.

Sidney Knable, Voorhees, Knable & Voorhees, Torrance, Cal., for plaintiff.

David G. Smedley, Karp & Richardson, San Diego, Cal., for defendant/debtor.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

### I.

This is an adversary proceeding to determine whether a partner who pays a partnership obligation created by co-partner's wrongful acts is subrogated to the non-dischargeable claims of defrauded creditors of the partnership.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1), and General Order No. 312–C of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

Defendant Robert Flick, the debtor ("debtor") has brought a motion to dismiss the first cause of action in the adversary proceeding, contending that under California law a partner is not entitled to subrogation to non-dischargeable third party claims against the partnership which are created by a co-partner's wrongful acts. Plaintiff responds that a partner who is unaware of and did not authorize the unlawful acts is entitled to subrogation on equitable principles.

This court denies the debtor's motion.

### II.

### FACTS

Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on September 16, 1986. Ralph A. Baxter ("plaintiff") commenced this adversary proceeding by timely filing his complaint objecting to discharge or to determine the dischargeability of indebtedness. On January 23, 1987, debtor filed his motion to dismiss adversary proceeding.

On February 26, 1987, plaintiff filed his first amended complaint repeating the original claim for indemnity as the first cause of action and adding a second cause of action alleging breach by debtor of a fiduciary duty to plaintiff under 11 U.S.C. § 523(a)(4). On March 6, 1987, debtor filed his motion to dismiss the first cause of action of the first amended complaint.

Debtor and plaintiff were general partners of a California partnership doing business as Manor Properties Ltd. Manor Properties Ltd. was the general partner of four California limited partnerships. On June 19, 1985, certain limited partners of the four limited partnerships filed an action in the Superior Court of San Diego County, Case No. 543691, against debtor and plaintiff among others. Said action included allegations of conspiracy to defraud. The state court action is still pending.

## III.

## DISCUSSION

### A. *A Partner's General Right to Subrogation.*

■ Subrogation is an equitable remedy. It is not an absolute right but one which depends on the equities and attending facts and circumstances of each case. *In re Alloway*, 37 B.R. 420, 425 (Bankr.E.D.Pa. 1984). Subrogation is also a broad remedy. "[i]t is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable and which in equity and good conscience should have been discharged by the latter." (Citations omitted). *Matter of DiSanto & Moore Associates, Inc.*, 41 B.R. 935, 938 (N.D.Cal. 1984).

■ The prerequisites of equitable subrogation in this circuit are:

(1) Payment must have been made by the subrogee to protect his own interest.

(2) The subrogee must not have acted as a volunteer.

(3) The debt paid must be one for which the subrogee was not primarily liable.

(4) The entire debt must have been paid.

(5) Subrogation must not work any injustice to the rights of others.

*Simon v. United States*, 756 F.2d 696, 699 (9th Cir.1985).

At issue is the third of these five requirements for subrogation. Debtor argues that plaintiff is not entitled to subrogation because plaintiff is jointly and severally liable for all partnership obligations, and a partner may not seek subrogation against his co-partner for paying a partnership debt.

Debtor cites the principle that "[a]ll the partners will be bound by the fraud of one of the partners ... whether they were cognizant of the fraud or not." *Zemelman v. Boston Insurance Company*, 4 Cal.App.3d 15, 18, 84 Cal.Rptr. 206 (1970). Debtor also notes the general rule that subrogation is not available to a party discharging its own debt. *In re Smothers*, 60 B.R. 733 (Bankr. W.D.Ky.1986).

The citation of *Zemelman* is incomplete. The concluding sentence of the cited paragraph provides an essential clue to correct interpretation of the principle: "[t]he rule is the same as it is in respect to the responsibility of the principal for the fraud of his agent ... indeed, a partner becomes liable for the fraud of his co-partner because of the relation each bears to the other of agent in the partnership business." *Zemelman*, 4 Cal.App.3d at 18, 84 Cal.Rpr. 206. Thus, while it is true partners are co-liable as to third parties, the relationship between themselves is one of trust and is the same as principal is to agent.

■ Partners under California law are fiduciaries under 11 U.S.C. § 523(a)(4). *In re Short*, 818 F.2d 693, 695 (9th Cir.1987). Partners are trustees for each other, and in all proceedings connected with the conduct of the partnership, every partner is bound to act in the highest good faith to his co-partner. *Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir.1986).

Moreover, the general rule cited in *Smothers* that a party may not be subrogated for discharging his own debt is subject to an important exception pertinent to the instant case. Where the negligence of one is imputed to the other because of their relationship, the principal may require that his agent indemnify him. *Morgan v. Stubblefield*, 6 Cal.3d 606, 624, 100 Cal.Rptr. 1, 493 P.2d 465 (1972).

■ Therefore, while all partners are jointly liable to third parties for the wrongful acts of any partner, the agency relationship and the special relationship of trust as between partners entitles a partner to seek indemnity from a co-partner who commits a wrong without his knowledge and authorization.

### B. *A Partner's Right to Subrogation of Non-Dischargeable Claims in Bankruptcy.*

Debtor, relying on *National Collection Agency v. Trahan*, 624 F.2d 906 (9th Cir.

1980) contends that the non-dischargeable nature of a claim may not be transferred from the original claimant to a co-debtor who paid the original claim. However, this conclusion is overbroad.

In *Trahan,* a surety contracted with Trahan to provide a bond to the State of California as security to ensure payment of sales tax. After Trahan failed to pay the tax, the assignee of the surety brought an action against Trahan in State Court to recover the monies paid by the surety. When Trahan declared bankruptcy, the assignee sought to have its claim declared non-dischargeable.

The assignee argued that, since Trahan's debt to the state was non-dischargeable, the debt owed to the assignee could not be discharged, under the doctrine of equitable subrogation. In *Trahan,* the Ninth Circuit concluded that the debt owed to the surety was discharged in bankruptcy even though the surety had paid the tax debt of the debtor. *Trahan,* 624 F.2d at 907–908.

This court finds *Trahan* distinguishable from the instant case. In determining the dischargeability of a debt under 11 U.S.C. § 523, the court must be mindful of the competing policies at hand. *Smothers,* 60 B.R. at 735. In *Trahan,* the Ninth Circuit considered two policies. First, there was an overriding policy favoring dischargeability of a debt. *Trahan,* 624 F.2d at 908. The statutory exception for tax debts runs counter to the general policy of the Bankruptcy Act favoring discharge of debts. It furthers, however, a second policy: "[t]he overriding need to assure tax collection by government entities." *Trahan,* 624 F.2d at 907.

The court resolved the conflict between these two important but apparently conflicting policies by noting that, since Trahan was required by the state to post either cash or bond, making the debts dischargeable would only have the effect of increasing the cost of contracting with sureties. It would not decrease the likelihood that tax debts would be paid. *Trahan,* 624 F.2d at 907 n. 2.

There is no similar policy conflict in this case. First, there is no policy whatsoever favoring the discharge of debts of a dishonest debtor. "[t]he purpose of the Bankruptcy Act is to grant a discharge of honest debts to honest debtors, ..." (Citations omitted). *Ragsdale v. Haller,* 780 F.2d 794, 797 (9th Cir.1986).

Second, the policy behind the non-discharge of debts under 11 U.S.C. § 523(a)(4) will be undermined by refusing plaintiff's request for subrogation. A rule that honest partners must pay partnership debts created by dishonest partners and may not be subrogated to the creditors paid will positively encourage fraud.

In the future, a dishonest partner will know that all he has to do to protect himself from the financial consequence of his wrongdoing is to find a financially sound but honest partner. If the wrongdoing is discovered, the honest partner will pay the debt to the creditor. The debt will be discharged as to the creditors and, since the honest partner does not have subrogation rights, the dishonest partner will be effectively discharged from the consequences of his own misbehavior.

There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction. *Local Loan Company v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed.2d 1230 (1934). It would be inequitable to require an honest partner to pay partnership obligations created by the wrongdoing of a dishonest partner without giving the honest partner a right of subrogation as to the debt paid and also as to its non-dischargeable character.

## V.

### CONCLUSION

This court holds that an honest partner who pays a partnership obligation arising from a co-partner's wrongful acts done without the partner's knowledge or authorization is entitled to be subrogated to the claims paid by the honest partner, including non-dischargeable claims of creditors of the partnership.

This Memorandum Decision constitutes findings of fact and conclusions of law

pursuant to Bankruptcy Rule 7052. Counsel for plaintiff is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.