826 F.2d 888
 AMERICAN STATES INSURANCE COMPANY, Plaintiff-Appellee,
v.
Alexis BORBOR, by her Guardian ad Litem Jose BORBOR; Jose
Borbor; Carmen Santiago; Hannah Chen, by her Guardian ad
Litem Benjamin Chen; Benjamin Chen; Ruth Chen; Jenelle
Mullen, by her Guardian ad Litem Judith Mullen; Judith
Mullen; Aaron Taylor, by his Guardian ad Litem Cynthia
Taylor; Cynthia Taylor; Dionn Walker, by her Guardian ad
Litem Rita Walker; Rita Walker; Amy Aulenta, by her
Guardian ad Litem Frank Aulenta; Leslie Aulenta; Kimberly
Deal, by her Guardian ad Litem Linda Deal; Linda Deal;
Rocky Deal; Amber Lee Thompson, by her Guardian ad Litem
Bruce Thompson; Bruce Thompson; Marcele Teschler; Tara
Vallee, by her Guardian ad Litem Donna Vallee; Donna
Vallee; Steven Vallee; Michelle Lautarevsky, by her
Guardian ad Litem Carroll Lautarevsky; Carroll Lautarevsky;
Alexander Lautarevsky; Jason Herrera; Yvonne Herrera;
Rudy Herrera; Dina Jones and Victor Jones, by their
Guardian ad Litem Victor Jones; Victor Jones; Dely Jones;
Ronald Walker; Mellissa Gary Jiminez, by her Guardian ad
Litem Javier Jiminez; Javier Jiminez; Christine Jiminez;
Misha Suksnguan, by her Guardian ad Litem L. Suksnguan; L.
Suksnguan; Winai Suksnguan; Carl and Paul Fessler, by
their Guardian ad Litem Janet Fessler; Doug Fessler; Liza
Betancourt, by her Guardian ad Litem Jock Betancourt; Jock
Betancourt; Elizabeth Betancourt; Anthony Langford by his
Guardian ad Litem Wiley Langford; Wiley Langford; Michele
Langford; Erica Kochner, by her Guardian ad Litem Ralph
Kochner; Ralph Kochner; Dianna Kochner; Robbie Hernandez,
by his Guardian ad Litem Sherry Hernandez; Sherry
Hernandez; Rain and Joshua Jacobs, by their Guardian ad
Litem Darryl Jacobs; Darryl Jacobs; Diane Jacobs; E.
James Meacham and E. James Meacham and S. Isabel Meacham,
dba Isabel's Nursery School; Defendants-Appellants.
 No. 86-5914.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 8, 1987.
Decided Sept. 1, 1987.
As Amended Oct. 22, 1987.
 
 Erwin E. Adler and John A. Belcher, Los Angeles, Cal., for plaintiff-appellee.
 Margaret M. Morrow, Quinn, Kully & Morrow, Robert S. Gianelli, Gianelli & Morris, John A. Girardi, Robert M. Keese, Girardi, Keese & Crane, Los Angeles, Cal., for defendants-appellants.
 Appeal from the United States District Court for the Central District of California.
 Before SNEED, BOOCHEVER and THOMPSON, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 * FACTS AND PROCEEDINGS
 
 
 2
 American States Insurance Company ("American States") insured "James and Isabel Meacham D/B/A: Isabel's Nursery School" under a comprehensive liability policy. James Meacham was convicted of molesting children who attended the school. These acts were committed while the American States policy was in force. The acts included undressing, touching and photographing the children in various sexual poses. James, a pedophile, took over 2,000 photographs and stored, organized and catalogued the slides in a meticulous filing system.[1]
 
 
 3
 Following James' conviction, twenty-three of the children and their parents (collectively "the children") sued James and Isabel Meacham in Los Angeles Superior Court for intentional and negligent infliction of emotional distress, assault and battery, and fraud. The Meachams tendered the defense to American States and demanded indemnification. American States undertook the Meachams' defense under a reservation of rights. It then filed this diversity action for declaratory relief seeking a determination of its rights and duties under the Meachams' liability insurance policy.[2] After a bench trial, the district court concluded that James and Isabel were partners in the nursery school business; that James' acts of child molestation were wilful and intentional; that Isabel was vicariously liable as a partner for James' acts; and that California Insurance Code Sec. 533[3] precluded liability insurance coverage for either James or Isabel. Judgment was entered in favor of American States declaring that the policy did not afford coverage for the torts asserted in the state court action.
 
 
 4
 On appeal, the children and the Meachams (collectively "appellants") challenge that portion of the judgment declaring that Isabel Meacham has no insurance coverage under the policy. For purposes of this appeal, all parties agree that Isabel, as a partner in the nursery school, is liable for James' acts. Appellants contend, however, that Isabel is a person individually insured under the American States policy, and is entitled to liability insurance coverage. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part and reverse in part.
 
 II
 ANALYSIS
 A. The Insurance Policy
 
 5
 We review de novo a district court's construction of an insurance policy. See, e.g., James B. Lansing Sound, Inc. v. National Union Fire Ins. Co., 801 F.2d 1560, 1564 (9th Cir.1986); Gribaldo, Jacobs, Jones & Associates v. Agrippina Versicherunges A.G., 3 Cal.3d 434, 442, 91 Cal.Rptr. 6, 10, 476 P.2d 406, 410 (1970) (provisions of an insurance policy are construed under the same rules governing interpretation of other contracts).
 
 
 6
 The American States policy provides that it "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury" (Coverage A). The coverage provisions state:
 
 
 7
 Each of the following is an insured under this insurance to the extent set forth below:
 
 
 8
 (a) if the named insured is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the named insured with respect to the conduct of such a business;
 
 
 9
 (b) if the named insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such.
 
 
 10
 The declarations do not designate the "named insured" as either an individual or a partnership. Under the "Insureds Name," the policy lists "E. James Meachan [sic] & S. Isabel Meachan [sic] D/B/A: Isabel's Nursery School." There is no indication on the face of the policy whether James and Isabel are insured as individuals, or as a partnership, or both.
 
 
 11
 To buttress their argument that James and Isabel were each individually insured, appellants rely in part on the Meachams' initial application for insurance. On this document, the American States insurance agent indicated that the applicants, "E. James Meacham and S. Isabel Meacham, D/B/A Isabel's Nursery School," were "individuals."[4] This application was not signed by the Meachams and was not attached to the policy which American States issued. The application was an "in-house" document created by American States for its own use. At trial, the American States agent who completed the application testified that he understood there were three separate insureds under the policy: James Meacham, Isabel Meacham, and Isabel's Nursery School. He also testified that he believed the partnership portions of the policy did not pertain to the Meachams. The district court, in its Judgment, noted that the policy was issued to "defendants E. James Meacham and S. Isabel Meacham individually and doing business as Isabel's Nursery School."
 
 
 12
 Where there is an uncertainty or ambiguity as to coverage, an insurance policy should be construed to favor coverage for the insured. See Arenson v. National Auto. & Casualty Ins. Co., 45 Cal.2d 81, 83, 286 P.2d 816, 818 (1955); see also California Compensation and Fire Co. v. Industrial Accident Comm'n, 62 Cal.2d 532, 534, 42 Cal.Rptr. 845, 847, 399 P.2d 381, 383 (1965) (any uncertainties in insurance policy liability to be resolved in favor of imposing liability). Doubts as to the meaning of a policy must be resolved against the insurer. Atlas Assurance Co., Ltd v. McCombs Corp., 146 Cal.App.3d 135, 143, 194 Cal.Rptr. 66, 69 (1983).
 
 
 13
 Considering the trial testimony, noting the application form as evidence of American States' intent when it entered the insurance contract, and construing the uncertainty in coverage against the insurer, we find that coverage extends under the policy to both James and Isabel individually, as well as to Isabel's Nursery School. Thus, we conclude that Isabel is a separate insured under the policy.
 
 B. Application of Section 533
 
 14
 Under California Insurance Code Sec. 533, "[a]n insurer is not liable for a loss caused by the wilful act of the insured." In California, section 533 is incorporated into every insurance contract and operates as an exclusionary clause contained within the contract. Allstate Ins. Co. v. Kim W., 160 Cal.App.3d 326, 331, 206 Cal.Rptr. 609, 612 (1984).
 
 
 15
 James was convicted of nine counts of lewd or lascivious acts upon or with children who attended the nursery school, in violation of California Penal Code Sec. 288(a), and one count of lewd or lascivious acts upon or with a child by use of force, violence, duress, menace or threat of great bodily harm under California Penal Code Sec. 288(b). It is beyond cavil that James' violations of California Penal Code Sec. 288 are wilful acts within the ambit of section 533. Allstate, 160 Cal.App.3d at 333, 206 Cal.Rptr. at 613 (1984) (violations of Cal.Penal Code Sec. 288 are intentional and wilful and excluded from coverage under Cal.Ins.Code Sec. 533). Although the appellants do not explicitly challenge the district court's holding with respect to James, we affirm the district court's judgment that section 533 precludes coverage for James Meacham. We now consider whether insurance coverage is also precluded for Isabel.
 
 
 16
 Although American States argued at trial that Isabel had aided, abetted, participated in, or ratified James' criminal acts, the district court found she had not. The court stated: "I find that at most, she may have been a knowing bystander. More likely, she closed her eyes to certain facts to deliberately avoid learning the whole truth" (Memorandum Decision, p. 4) (emphasis added). The court concluded that Isabel committed no wrongful act which would deprive her of the policy's coverage (id.). The court determined, however, that Isabel was nonetheless vicariously liable for James' acts of child molestation because the Meachams operated the nursery school as a partnership.[5] "This is true even if Isabel is regarded as innocent as to his wrongdoings, or merely negligent in her supervision" (Memorandum Decision, p. 5). As we interpret the district court's findings, Isabel was innocent of any wrongdoing. The court did not find that she was a "knowing bystander." It found it to be "more likely" that she closed her eyes to certain facts to deliberately avoid learning the whole truth. At most, she was negligent in her failure to supervise James, or in her failure to undertake an investigation to find out what was going on. Cf. Fireman's Fund Ins. Co. v. City of Turlock, 170 Cal.App.3d 988, 1002, 216 Cal.Rptr. 796, 805 (1985) ("A principal ratifies an agent's acts when he knows of the acts and accepts the benefits which flow from them.") (emphasis in original).
 
 
 17
 Isabel's vicarious liability for James' wilful acts arises from the nursery school partnership relationship. A partnership is liable for all wrongful acts committed by a partner in the ordinary course of business:
 
 
 18
 Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act. Cal.Corp.Code Sec. 15013 (West 1987).
 
 
 19
 A partner is liable "[j]ointly and severally for everything chargeable to the partnership under Section[ ] 15013...." Cal.Corp.Code Sec. 15015 (West 1987). Finding that James and Isabel had equal control over the operation of the nursery school, and that James had apparent and ostensible authority to be with the children and take them off school premises, the court concluded that his wrongful acts occurred "in the ordinary course of the business." Cal.Corp.Code Sec. 15013. Although James' wrongful acts were not specifically authorized, the partnership, and thus the partner Isabel, were liable for those acts. Cal.Corp.Code Sec. 15015. See Stout v. Turney, 22 Cal.3d 718, 723, n. 6, 150 Cal.Rptr. 637, 639, 586 P.2d 1228, 1230 (1978) (all partners are bound by the fraud of one partner who acts within the scope of his authority in a transaction with an innocent third party, and all are liable for the resulting injury); Blackmon v. Hale, 1 Cal.3d 548, 83 Cal.Rptr. 194, 463 P.2d 418 (1970). Based upon this proposition--Isabel's liability as a partner--the district court concluded: "In this circumstance, Cal.Ins.Code Sec. 533 bars coverage for Isabel" (Memorandum Decision, p. 6).
 
 
 20
 We disagree with the district court's conclusion that California Insurance Code Sec. 533 bars coverage for Isabel. In reaching this conclusion, the district court appears to have collapsed two separate considerations into one. The first consideration is whether a partner may be liable for the wilful acts of a co-partner. The second, and critical issue here, is whether a partner who is liable for the wilful acts of a co-partner may be insured against that liability in light of California Insurance Code Sec. 533. Isabel's liability for James' acts may be distinguished from her ability to insure against that liability.[6]
 
 
 21
 Appellants contend that section 533 does not preclude insurance coverage for an innocent, albeit perhaps a negligent, co-partner who is a separate insured under a comprehensive liability policy. There is a surprising dearth of authority addressing this specific issue. The reasoning of courts which have considered similar issues in analogous circumstances, however, supports the conclusion that coverage exists. For example, in Arenson, 45 Cal.2d 81, 286 P.2d 816 (1955), after Arenson's minor son intentionally burned down school property, the school district obtained a judgment against Arenson under a statute which imposed liability on a parent for damages "wilfully" caused by a child. Although Arenson, his spouse, and minor children were all insured under a general liability policy, the insurer refused to indemnify Arenson because the damage was "caused intentionally by or at the direction of the insured." Arenson, 45 Cal.2d at 83, 286 P.2d at 818. The California Supreme Court reversed a judgment for the insurer and stated: "Section 533 of the Insurance Code, which codifies the general rule that an insurance policy indemnifying the insured against liability due to his own wilful wrong is void as against public policy, has no application to a situation where the plaintiff is not personally at fault." Id. at 84, 286 P.2d at 818. Thus, in Arenson, although vicarious liability was imposed upon one insured for the wilful act of another insured, the ability to insure against that liability was upheld against the claimed section 533 exclusion. See also Dart Industries, Inc. v. Liberty Mut. Ins. Co., 484 F.2d 1295, 1297 (9th Cir.1973) (section 533 does not bar coverage where a corporation's liability is based upon respondeat superior--Arenson "clearly indicates the policy of the statutory exclusion as being limited to a situation where the insured is personally at fault"). "Indemnity [of the insured principal for the wilful, wrongful act of an insured] is not contrary to public policy because the insured in such a case is guilty of no wrong-doing, but simply has the misfortune to be legally responsible for the wrong-doing of another." Dart Industries at 1298, quoting Hendrix v. Employers Mutual Liability Insurance Co., 98 F.Supp. 84, 87 (E.D.S.C.1951), rev'd on other grounds, 199 F.2d 53 (4th Cir.1952). See also City of Turlock, 170 Cal.App.3d at 1001, 216 Cal.Rptr. at 804 (where city's liability for an employee's fraud is predicated upon vicarious liability and not upon the city's own intentional acts, insurance indemnification for the city is not precluded by section 533).[7]
 
 
 22
 The public policy underlying section 533 is to prevent encouragement of wilful torts. Section 533 is "a codification of the jurisprudential maxim that no man shall profit from his own wrong." Don Burton, Inc. v. Aetna Life & Casualty Co., 575 F.2d 702, 705 (9th Cir.1978). To conclude that Isabel may be indemnified under the American States policy does no violence to this public policy. She did not encourage, aid, or abet her husband's wilful, tortious activities. She did not ratify his acts. Isabel may be liable for what the district court suggested might have been "negligent ... supervision," or for a negligent failure to investigate facts which existed but to which the district court stated she may have "closed her eyes to ... deliberately avoid learning the whole truth." But neither Isabel's negligence, if any, nor her vicarious liability for James' wilful acts, precludes insurance coverage under California Insurance Code Sec. 533.[8]
 
 
 23
 We have noted that California Insurance Code Sec. 533 is part of every policy of insurance written in California, Allstate Ins. Co. v. Kim W., 160 Cal.App.3d 326, 331, 206 Cal.Rptr. 609, 612 (1984), and that it is equivalent to an exclusionary clause in the policy. Nuffer v. Insurance Co. of North America, 236 Cal.App.2d 349, 356, 45 Cal.Rptr. 918, 923 (1965). As an exclusion, it is to be construed strictly against the insurer and liberally in favor of the insured. Id. at 356, 45 Cal.Rptr. at 923; Arenson, 45 Cal.2d at 83, 286 P.2d at 818 (1955). Had American States intended that the wrongful act of any insured would void the policy, it could have unambiguously drafted and included such language in the contract. See, e.g., Commercial Union Ins. Co. v. State Fire & Casualty Co., 546 F.Supp. 543, 545 (D.Colo.1982); Economy Fire & Casualty Co. v. Warren, 71 Ill.App.3d 625, 28 Ill.Dec. 194, 390 N.E.2d 361 (1979); Ryan v. M.F.A. Mut. Ins. Co., 610 S.W.2d 428, 437 (Tenn.App.1980). For example, in Spezialetti v. Pacific Employers Ins. Co., 759 F.2d 1139 (3rd Cir.1985), an innocent co-insured was precluded from recovering under a fire insurance policy where that policy denied coverage for a loss caused by the dishonest act of "any" insured. There, the Third Circuit noted that using the term "the insured" creates uncertainty in circumstances where the various persons covered by the policy may have adverse or joint interests. Id. at 1141. The court determined that the uncertainty does not exist, however, when the policy exclusion refers to "any insured." See also Ryan, 610 S.W.2d at 437. Thus, the parties may pre-ordain the extent of coverage by clear and unambiguous contract terms. See 12 Appleman, Insurance Law & Practice Sec. 7004, at 37-43 (1981). See also Comment, "Spouse's Fraud as a Bar to Insurance Recovery," 21 Wm. & Mary L.Rev. 543, 549-54 (1979) (suggesting that the desired result can be obtained by substituting for the term "the" insured in an exclusion provision the term "a," "any" or "an" insured).[9]
 
 
 24
 We have stated the "rationale" of section 533 is that the wrongdoer should not profit from his own wrong, nor should he be indemnified against the effects of his wrongdoing. Dart Industries, 484 F.2d at 1298. Thus, an insurer may not contract to indemnify an insured against the civil consequences of the insured's wilful criminal acts. The public policy against insurance for losses resulting from such acts is usually justified by the assumption that such acts would be encouraged, or at least not dissuaded, if insurance were available to shift the financial burden of the loss from the wrongdoer to the insurer. See generally Farbstein & Stillman, "Insurance for the Commission of Intentional Torts," 20 Hastings L.J., 1219, 1245-54 (1969) (discussing the public policy consideration in insurance for intentional torts). This policy, however, does not apply when the wrongdoer is not benefited and an insured who is innocent of the wrongdoing receives the protection afforded by the contract of insurance. See Ambassador Ins. Co. v. Montes, 76 N.J. 477, 388 A.2d 603, 606 (1978). Cf. Erlin-Lawler Enterprises, Inc. v. Fire Ins. Exch., 267 Cal.App.2d 381, 385, 73 Cal.Rptr. 182, 185 (1968) (court suggests that an analysis be made in each case to determine whether the wrongdoer will benefit by a recovery on the policy).
 
 
 25
 The district court noted in its Memorandum Decision that if Isabel were to be afforded coverage under the American States policy, any payment of the policy's proceeds toward satisfaction of the children's claims would "redound to her and the partnership's benefit by preserving her and its other assets, i.e., in not requiring her or the partnership to satisfy such judgment personally." (Memorandum Decision, p. 7). So far as Isabel is concerned, however, the shielding of her assets from liability is precisely what she is entitled to if she is an innocent insured under the policy. So far as the partnership is concerned, no contention is made that it is entitled to indemnification under the policy and we do not decide this question. Any benefit the partnership may receive as a result of payments American States may make to victims of James' crimes will be significant only to the extent, if at all, such payments preserve James' interest in the partnership. So far as James is concerned, he is not entitled to indemnification. The circumstance that his interest in the partnership, or in any other asset he may have, may be preserved by payments American States may make to the victims of his crimes is the kind of circumstance which tends to exist in every case in which an insurance company is called upon to provide indemnification for an innocent insured when a loss is caused by the wilful, intentional act of another. See, e.g., Arenson, Dart Industries, and the cases cited in footnote 7. This is not the type of "benefit" which precludes indemnification of the innocent insured.
 
 
 26
 With regard to the "innocence" of Isabel, the district court concluded that she was either "innocent as to [James'] wrongdoings, or merely negligent in her supervision." California Insurance Code Sec. 533 does not preclude insurance coverage for an "innocent" insured under a policy of liability insurance. Arenson. Neither does section 533 preclude insurance coverage for a negligent insured. Liability insurance policies are typically sold and purchased to provide indemnification for liability which may be imposed as a result of negligence. Moreover, California Insurance Code Sec. 533 expressly provides that an insurer is not exonerated by the negligence of the insured.
 
 III
 CONCLUSION
 
 27
 The portion of the district court's judgment declaring that James is not entitled to insurance coverage under the American States liability policy is affirmed. That portion of the judgment declaring that Isabel is not entitled to coverage is reversed. Isabel is entitled to coverage under the policy.
 
 
 28
 In addition to the coverage issues, the parties litigated in the district court the question of the amount of coverage which would be available under the policy, if coverage existed. The district court stated in its Memorandum Decision that it did not reach this issue because it decided there was no coverage. We remand the case to the district court to enable that court to make findings and to enter its judgment on the question of the monetary limits of coverage under the American States policy.
 
 
 29
 The appellants shall recover their costs on appeal.
 
 
 30
 AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.
 
 
 
 [1]
 James' conviction was affirmed in People v. Meacham, 152 Cal.App.3d 142, 199 Cal.Rptr. 586 (1984)
 
 
 [2]
 Plaintiff-appellee American States is an Indiana corporation with its principal place of business in Indiana; defendants-appellants, Meachams and the children, are residents of California. California law governs the substantive issues of state law in this diversity of citizenship insurance case. See, e.g., James B. Lansing Sound, Inc. v. National Union Fire Ins. Co., 801 F.2d 1560, 1561 (9th Cir.1986)
 
 
 [3]
 This statute provides: "An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." Cal.Ins.Code Sec. 533 (West 1987)
 
 
 [4]
 On the application form, the agent checked the box next to the designation individual, and added an "s." He did not check the box next to the designation "partnership" or the box next to "other." He did not write anything pertaining to the status of the insured (e.g., joint venture) in the space provided next to the "other" box
 
 
 [5]
 Whether a partnership exists under California law is a factual question which we review for clear error. See In re Marino, 813 F.2d 1562, 1565 (9th Cir.1987); People v. Park, 87 Cal.App.3d 550, 564, 151 Cal.Rptr. 146, 153 (1978). Although no formal partnership agreement exists, the record reveals that the district court correctly determined that the Meachams operated the nursery school as a partnership. See, e.g., Estate of Foreman, 269 Cal.App.2d 180, 189, 74 Cal.Rptr. 699, 706 (1969) ("[i]t is immaterial that the parties do not designate the relationship as a partnership or realize that they are partners, for the intent may be implied from their acts")
 
 
 [6]
 The case at bench does not concern the responsibility of a principal to a third person for a loss occasioned by wrongs committed by an agent. Instead, the case here concerns the responsibility of an insurance company under a contract of indemnity for a loss sustained by the insured principal as a result of an act of an agent
 See, e.g., Nuffer v. Insurance Co. of North America, 236 Cal.App.2d 349, 356, 45 Cal. Rptr. 918, 923 (1965).
 
 
 [7]
 The reasoning of Arenson, which permitted an innocent co-insured to recover notwithstanding section 533, is consistent with the reasoning of cases from other jurisdictions which have permitted innocent partners to be indemnified despite explicit contractual provisions excluding coverage for intentional or wilful acts. See, e.g., Armstrong v. Security Ins. Group, 292 Ala. 27, 288 So.2d 134 (1973) (The named insureds under a liability policy were "Mary Ann and William Cofield d/b/a Lakeview Sandwich Shop." William shot a patron during a scuffle at the shop. The court held that where innocent co-insured did not authorize, direct, or commit the assault, the liability policy's intentional injury exclusion did not apply.); Malanga v. Manufacturers Casualty Ins. Co., 28 N.J. 220, 146 A.2d 105 (1958) (One of three partners committed an assault and battery. Although all partners were liable, the court found that assault and battery exclusory clause in liability policy was without effect as to the other partners.); Morgan v. Greater New York Taxpayers Mut. Ins. Ass'n, 305 N.Y. 243, 112 N.E.2d 273, 275 (1953) (One of two landlord partners committed assault and battery upon tenant. The court held that "where liability is imposed upon one of the insureds for an assault by another insured in which he took no part, the [innocent partner's right of indemnity] should be no different for that which would obtain where the assault was committed by a person who is not an assured."); Employers Surplus Lines v. Stone, 388 P.2d 295 (Okla.1963) (A partner who personally committed the assault is precluded from recovering under a liability policy, but co-partner who did not commit the assault should be indemnified.); Nassau Ins. Co. v. Mel Jo-Jo Cab Corp., 102 Misc.2d 455, 423 N.Y.S.2d 813, 815 ("Notwithstanding the fact that coverage may, in the end, be withheld from the named insured or an omnibus insured actually responsible for the commission of the assault or directing it to be committed ... it is illogical to indiscriminately exclude from coverage all insureds whenever an assault is committed, without distinguishing the responsibility, if any, of the particular insured for that specific assault."), aff'd, 78 A.D.2d 549, 432 N.Y.S.2d 29 (1980)
 
 
 [8]
 This case is significantly different from Zemelman v. Boston Ins. Co., 4 Cal.App.3d 15, 84 Cal.Rptr. 206 (1970), relied on by American States. In Zemelman, a partner acting on behalf of the partnership made false statements in a claim for the proceeds of a fire insurance policy. The fraud was a direct fraud upon the insurance company and a violation of a contractual provision which expressly voided the entire policy if, either before or after a loss, the insured wilfully misrepresented a material fact. As a matter of contractual interpretation, the court found that the partner's filing a false claim triggered a denial of coverage for all other partners. The court neither addressed nor discussed the application of section 533
 
 
 [9]
 See Western Casualty & Surety Co. v. Aponaug Mfg. Co., 197 F.2d 673, 674 (5th Cir.1952), where a corporation was allowed to recover on a liability policy for the amount expended in a suit against it by a third party for injuries caused by the president and agent of the corporation. The exclusionary clause provided that "Assault and battery shall be deemed an accident unless committed by or at the direction of the Insured." The court stated: "The word 'the' qualifies the word 'insured' and means, we think, that when the coverage of the policy as to a particular insured is at issue and that insured either committed or directed the assault and battery, then, as to such insured the assault and battery shall not be deemed an accident. The clause is without effect as to other persons insured who neither committed nor directed the commission of the assault and battery."