114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FARR'S STATIONERS INC.; Daniel M. Smith; Ronald D. Smith,
dba, Farr's Stationers No. 22, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 96-55179.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1997.
Decided May 20, 1997.
 
 1
 Before: BROWNING and SCHROEDER, Circuit Judges, and RESTANI, U.S. Court of International Trade Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 This is a diversity action for breach of contract and bad faith against an insurer, State Farm Fire and Casualty Company, which refused a demand to defend and a claim for indemnity in an underlying action grounded in allegations of sexual harassment, wrongful discharge, and intentional infliction of emotional distress. The plaintiffs in this action, and defendants in the underlying action, are Farr's Stationers, Inc. and Daniel M. Smith and Ronald D. Smith, dba Farr's Stationers No. 22. They appeal the district court's summary judgment in favor of State Farm.
 
 
 4
 An insurer's duty to defend is determined by comparing the terms of the insurance policy to the facts of the underlying lawsuit. Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1081 (1993). If an insurer has a duty to defend, it must defend any suit potentially seeking damages within the coverage of the insurance policy. Montrose Chemical Corp. v. Superior Court, 6 Cal.4th 287, 295 (1993) (citing Gray v. Zurich, 65 Cal.2d 263, 275 (1966)). The existence of the duty to defend depends upon those facts known by the insurer at the inception of the third-party lawsuit. Montrose Chemical, 6 Cal.4th at 295. "Any doubt as to whether the facts give rise to a duty to defend is resolved in the insured's favor." Horace Mann, 4 Cal.4th at 1081.
 
 
 5
 Aside from any coverage that might be precluded because of specific language in the policy, California law provides that "an insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." Cal.Ins.Code § 533. Section 533 is an implied exclusionary clause that must be read into all insurance contracts in California. J.C. Penney Casualty Ins. Co. v. M.K., 52 Cal.3d 1009, 1019 (1991). However,
 
 
 6
 section 533 precludes only indemnification of willful conduct, not the defense of an action in which such conduct is alleged. [citation omitted.] ... [E]ven though public policy or section 533 precludes an insurer from indemnifying an insured in an underlying action, the duty to defend still exists so long as the 'insured reasonably expect[s] the policy to cover the types of acts involved in the underlying suit.' [Thus] if the reasonable expectation of an insured [is] that a defense will be provided for a claim, then the insurer cannot escape that obligation merely because public policy precludes it from indemnifying that claim.
 
 
 7
 B & E Convalescent Center v. State Compensation Ins. Fund, 8 Cal.App.4th 78, 93 (1992) (internal citations and quotations omitted). Thus, a potential for coverage would have existed under the State Farm policy, and therefore a duty to defend, if, based on the allegations made in the complaint of the underlying action, together with any other information available to State Farm, "there was a possibility of coverage under the policy's insuring language which was not excluded by any express provision within the policy or precluded by the statutory restraint of section 533." Id. at 92.
 
 
 8
 In the underlying action, the plaintiff sought damages for (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud (intentional misrepresentation); (4) fraud (false promise); (5) sex-based employment discrimination in violation of the California Fair Employment and Housing Act, ("FEHA"), Cal.Gov.Code §§ 12900, et seq.; (6) intentional infliction of emotional distress, and (7) quantum meruit.
 
 
 9
 The appellants' principal contention is that the district court misconstrued the holding of the California Supreme Court in Horace Mann, supra. Horace-Mann held that § 533 does not preclude an insurer's duty to defend when the intentional acts alleged in the underlying action may also have resulted in liability for negligent conduct. The district court did not misread Horace Mann. Instead, it held that in this case none of the allegations in the complaint could be construed as alleging negligent conduct on the part of appellants. In addition, the extent of the duty to defend and indemnify that might be permissible under § 533 is not an issue here. This case turns on the limitations provided for in the policy language itself. The contract in this case only provides for coverage for "bodily injuries" arising out of "occurrences." The policy defines "occurrence" as "an accident, including continuous or repeated exposure to conditions, which result in bodily injury or property damage neither expected nor intended from the standpoint of the insured[.]" None of the bodily injuries alleged in this case arose from "occurrences." They all arose from intentional acts, and therefore there was no potential for liability on account of "occurrences" leading to bodily injury.
 
 
 10
 The policy also provided coverage for "personal injuries" arising out of specific offenses. The only "offense" marginally relevant in this case is defamation. Under California law, however, where, as here, the complaint does not expressly contain a cause of action for defamation, a duty to defend can be triggered only where the extrinsic facts clearly put the insurer on notice that there is potential for defamation liability. There is no indication in this case that, by asserting in her supplementary declaration that she had been called a "bitch" in front of other sales representatives, the plaintiff was seeking damages on account of injury to her reputation as a result of a false statement of fact.
 
 
 11
 State Farm also did not have a duty to defend Farr's, Stationers, Inc., because, while § 533 does not by itself bar the defense of an entity that might potentially be held liable for the intentional conduct of its agent on a vicarious liability theory, see American States Ins. Co. v. Borbor, 826 F.2d 888 (9th Cir.1987), the "occurrence" limitation in the policy does.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3